\*\*E-Filed 4/22/2011\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MCGIP LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>DOES 1-49,<br><br>   Defendants. | Case Number 05:11-cv-01801 JF/HRL<br><br>ORDER[1] GRANTING *EX PARTE* MOTION FOR EXPEDITED DISCOVERY<br><br>[RE: Doc. No. 4] |

   Plaintiff MCGIP, LLC asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*, and for civil conspiracy. It claims to have identified the Internet Protocol ("IP") addresses of the allegedly infringing Doe defendants, and seeks permission to take limited, expedited discovery in order to obtain the names and contact information of the individuals associated with those addresses. MCGIP asks the Court to allow it to serve subpoenas on certain Internet Service Providers ("ISPs") to obtain information identifying the Doe defendants so that it can complete service of process.

   As discussed below, MCGIP has demonstrated that: (1) the Doe defendants are real people who may be sued in federal court; (2) it has attempted unsuccessfully to identify the Doe defendants prior to filing this motion; (3) its infringement and civil conspiracy claims against the Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on the ISPs will lead to information identifying the Doe

---

   [1] This disposition is not designated for publication and may not be cited.

Case No. 05:11-cv-001801 JF/HRL
ORDER GRANTING *EX PARTE* MOTION FOR EXPEDITED DISCOVERY
(JFLC3)

defendants. Accordingly, the Court finds that good cause exists to allow MCGIP to engage in this preliminary discovery.

## I. BACKGROUND

MCGIP is the exclusive licensee for the reproduction and distribution rights of an allegedly copyrighted work. Complaint ¶¶ 5, 18-20. According to MCGIP, the Doe defendants illegally reproduced and distributed the work to numerous third parties through a peer-to-peer file sharing network. Because the file sharing network used by the Doe defendants is partially anonymous, MCGIP claims not to know the defendants' names and contact information, and as a result, it is unable to effect service of process on them. However, MCGIP has been able to identify the IP addresses assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed on MCGIP's copyrighted work. Compl. Ex. A. MCGIP also has identified the ISP for each of the IP addresses and seeks leave to serve a third-party subpoena on each ISP in order to obtain the names and contact information of the alleged infringers.

## II. DISCUSSION

**A. Legal Standard**

Fed. R. Civ. P. 26(d) allows a court to authorize early discovery before the Rule 26(f) conference where it is convenient for the parties and witnesses and in the interests of justice. Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g.*, *IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are a real person who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that

2

the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying the information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B. Plaintiff Has Shown Good Cause**

Here, MCGIP has made a sufficient showing with respect to each of these four factors. It has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by IP address and the date of the alleged infringing conduct. *See* Compl. Ex. A. It also has described the steps its has taken to locate and identify the Doe defendants by investigating and collecting data on unauthorized distribution of copies of the work on BitTorrent-based peer-to-peer networks. Hansmeier Declaration ¶¶ 12-20. Its complaint pleads the essential elements of claims for copyright infringement and civil conspiracy against Doe defendants. Compl. ¶¶ 18-39. Finally, the proposed subpoena requests seek information from each ISP sufficient to identify the Doe defendant affiliated with a particular IP address, including the defendant's name, address, telephone number, email address, and media access control address.

The Court concludes that MCGIP thus has demonstrated good cause exists to conduct early discovery to identify the Doe defendants, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002), and that permitting MCGIP to engage in this limited, early discovery is consistent with Rule 26(d).

If MCGIP identifies new entities that it believes possess similarly discoverable information, it may submit a declaration detailing the four requirements discussed above along with a proposed order consistent with the parameters articulated in this Order.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS the motion as follows:

1. IT IS HEREBY ORDERED that Plaintiff immediately may serve Rule 45 subpoenas on the ISPs listed in exhibit A to the complaint in order to obtain information to identify each Doe defendant, including the name, address, telephone numbers, email addresses, and media access control addresses. Each subpoena shall have a copy of this Order attached.

1       2. IT IS FURTHER ORDERED that the ISPs will have thirty (30) days from the date of
2  service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a
3  copy of this Order. The ISPs may serve the subscribers using any reasonable means, including
4  written notice sent to the subscriber's last known address, transmitted either by first-class mail or
5  via overnight service.

6       3. IT IS FURTHER ORDERED that subscribers shall have thirty (30) days from the date
7  of service upon them to file any motions in this court contesting the subpoena (including a
8  motion to quash or modify the subpoena). If that period lapses without a subscriber contesting
9  the subpoena, the ISPs shall have ten days to produce the information responsive to the subpoena
10 to Plaintiff.

11      4. IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any
12 subpoenaed information pending the resolution of any timely-filed motion to quash.

13      5. IT IS FURTHER ORDERED that any ISP that receives a subpoena pursuant to this
14 order shall confer with Plaintiff and shall not assess any charge in advance of providing the
15 information requested in the subpoena. Any ISP that receives a subpoena and elects to charge for
16 the costs of production shall provide a billing summary and cost reports that serve as a basis for
17 such billing summary and any costs claimed by such ISP.

18      6. IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order along with
19 any subpoenas issued pursuant to this order to the necessary entities.

20      7. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to
21 a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights
22 as set forth in its complaint.

23

24 IT IS SO ORDERED.

25 DATED: 4/22/2010

26                                              _____
                                                JEREMY FOGEL
                                                United States District Judge
27

28

Case No. 05:11-cv-001801 JF/HRL
ORDER GRANTING *EX PARTE* MOTION FOR EXPEDITED DISCOVERY
(JFLC3)